NOT DESIGNATED FOR PUBLICATION

No. 122,160

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KRAIG R. WILSON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Kearny District Court; RICKLIN PIERCE, judge. Opinion filed June 4, 2021.
Affirmed.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Michael R. Serra*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before GREEN, P.J., SCHROEDER, J., and WALKER, S.J.


PER CURIAM: After Kraig R. Wilson pled no contest to two counts of aggravated battery, the district court granted him a dispositional departure to probation. As a condition of probation, the court ordered Wilson not to have contact with the two victims in the case. Two months after Wilson began probation, the State moved to revoke his probation on the basis that he contacted and threatened the victims multiple times. Following an evidentiary hearing, the district court revoked Wilson's probation and remanded him to serve his prison sentence. On appeal, Wilson argues that the district court's revocation constitutes an abuse of discretion. However, we find the district court

1

properly exercised its discretion in revoking Wilson's probation based on the nature and seriousness of his numerous violations.

FACTS

Venessa Ortiz reported to police that Wilson, her estranged husband and father of her six children, burst through the front door of her residence at 12:30 a.m. on March 21, 2019. Wilson went to the bedroom where Ortiz and her boyfriend, Tyson Birkholz, were sleeping and forced the door open. Wilson struck Ortiz and Birkholz with a wooden board before brandishing a knife and threatening to kill Birkholz. Wilson then punched Birkholz in the face. Birkholz left at this point and later called 911. Ortiz reported that Wilson raped her twice over the next three and a half hours. She said Wilson had done this in the past, and this time when she resisted he punched her in the face.

The State charged Wilson with two counts of rape, one count of aggravated burglary, two counts of aggravated battery, two counts of aggravated assault, one count of aggravated endangering a child, one count of criminal threat, and two counts of criminal damage to property. Wilson entered a plea agreement with the State under which he would plead no contest to the two aggravated battery counts and the State would dismiss the remaining charges. The parties also agreed to jointly recommend at sentencing that the district court grant Wilson a dispositional departure to probation and run his underlying sentences concurrently. Wilson entered his pleas, and the case proceeded to sentencing.

At the sentencing hearing on August 6, 2019, Wilson presented his arguments for a dispositional departure from the presumptive prison sentence. Wilson's counsel explained that when Wilson committed his crimes, his marriage was deteriorating. He was improving though medication and therapy, but "he did not handle it well when he discovered that his wife was seeing somebody else, which is what led to this incident."

2

Wilson contended that imprisonment would make it difficult for him to keep improving his marriage and his mental health. Wilson also argued that he had been gainfully employed throughout adulthood and provided for his children financially, in addition to providing childcare when Ortiz was working.

The district court "reluctantly" granted Wilson a dispositional departure. The court found substantial and compelling evidence existed to support the decision. First, the court noted Wilson was supporting his family and had family support for his own issues. Second, Wilson took responsibility for his actions by entering his pleas and the State did not oppose his request for departure. Third, there were treatment programs available to Wilson on probation. The court sentenced Wilson to 36 months' probation with an underlying prison term of 57 months. As part of his probation, the court ordered Wilson to complete a domestic violence batterers intervention program and obtain a mental health evaluation. The court also prohibited Wilson from contacting Ortiz or Birkholz and required that all visitation with the children be through a third party. If Ortiz wished to have contact with Wilson and professionals agreed, the court ordered that Wilson's intensive supervision officer would have discretion to modify the no contact order.

Just two months after sentencing, on October 11, 2019, the State moved to revoke Wilson's probation. Affidavits from Intensive Supervision Officer (ISO) Carlos Murillo, Ortiz, and Birkholz were attached in support of the motion, as well as copies of numerous text and Facebook communications allegedly sent by Wilson. In his affidavit, ISO Murillo alleged that Wilson had violated the terms of his probation several times by contacting Birkholz and Ortiz. Birkholz said that Wilson contacted him by phone and threatened to kill him and his daughter. Ortiz reported that Wilson threatened her and Birkholz through text messages and Facebook, including threats to burn down her house while they slept. Wilson denied the allegations set forth in the affidavits and asked for an evidentiary hearing.

The district court conducted an evidentiary hearing on the State's probation violation allegations. ISO Murillo supervised Wilson during his probation and testified at the hearing. At the beginning of Wilson's probation, on August 16, 2019, Murillo contacted Ortiz to determine whether she wanted to have contact with Wilson. She agreed in order that Wilson could be more involved with their six children. However, she called ISO Murillo on August 30, 2019, to revoke her permission.

Birkholz visited ISO Murillo personally that same date. Birkholz advised Murillo that two days earlier Wilson drove to Birkholz' house and yelled out the car window that "he was a fag" and "to wait to see what would happen." The next day, Wilson drove past Birkholz' house on two separate occasions but said nothing. The morning Birkholz visited Murillo's office, he reported that Wilson had called him and told Birkholz to stop talking to Ortiz, that he knew where Birkholz lived, that he knew what would happen to him, and that Wilson was coming to find him and do something to him. After receiving this report from Birkholz, Murillo believed Wilson had violated the terms of his probation by having improper contact with Birkholz. He issued an arrest and detain order for Wilson. Wilson was arrested and bonded out of jail on September 4, 2019. Murillo put Wilson on GPS monitoring and warned him not to have any contact with Ortiz or Birkholz.

Birkholz and Ortiz both reported additional communications from Wilson on October 8, 2019. Birkholz said that the previous night Wilson had called him and threatened to kill him and his daughter. Ortiz advised ISO Murillo that Wilson had been communicating with her via text and Facebook. She showed Murillo the messages and he made copies. The messages included statements such as "im going to kill that fagot watch" (referring to Birkholz); "im going burn house down when your asleep with him"; "im more then furious trust me put me in the grave the neighbor [Birkholz] wtf is wrong with u its on now hope he got insurance." Murillo believed some of the statements in the messages were blatant threats, and he was concerned for Ortiz and Birkholz' safety.

4

At the hearing on the revocation motion, Birkholz and Ortiz testified as to the events ISO Murillo described. Ortiz said she had to quit her job because Wilson kept visiting her work. Birkholz added that he moved two times since the case arose due to harassment from Wilson and Wilson's family. Birkholz testified that he felt terrified for his safety.

Kelly Widows, Wilson's mother, also testified at the hearing. Widows said that since Wilson went on probation she had been around Ortiz. She said she had not been around Birkholz, but she "had issues with him." She described an incident on August 27, 2019, where Ortiz pulled up to her house, started crying, and then began hugging Wilson. Widows testified that Ortiz said Birkholz was after her and that he had tried to ram her off of the highway. Birkholz drove by Widows' house several times so Widows called the police. Officer Tanya Bradley with the Garden City Police Department responded and testified that Ortiz was concerned after having an argument with Birkholz. Officer Bradley referred Ortiz to family crisis services.

Wilson also called his sister, Kayla Vazquez, who testified that Wilson's Facebook account had been active while he was in jail which she found odd. She believed Ortiz was responsible for sending the messages. Vazquez described Oritz as playing mind games with Wilson and Birkholz.

After hearing the evidence, the district court found that Wilson posed a danger to the community and had violated the terms of his probation. The district court revoked Wilson's probation and ordered him to serve the underlying prison sentence.

Wilson has timely appealed from the district court's orders at the revocation hearing.

ANALYSIS

On appeal, Wilson does not challenge the sufficiency of the evidence showing he violated the terms of his probation. He only argues the district court abused its discretion when it determined that revocation was an appropriate sanction because no reasonable person would have agreed with the district court. Wilson notes that the court initially granted the dispositional departure based on his acknowledgment that he suffered mental health consequences from his failing marriage and was taking steps to address them. Given this, he argues a reasonable person would have concluded that Wilson's rehabilitation would be best served by an intermediate sanction and reinstatement of probation. He asserts that continued GPS monitoring of his location while on probation would alleviate any concerns that he posed a danger to Ortiz or Birkholz. In support, he notes the evidence showing that he never violated the safe-zone restrictions or made physical contact with the victims after beginning GPS monitoring.

An appellate court reviews the district court's revocation of an offender's probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018).

As a preliminary matter, we note Wilson does not challenge the district court's bypassing of intermediate sanctions. Generally, the district court must impose an intermediate sanction before revoking a defendant's probation. See K.S.A. 2018 Supp. 22-3716(c)(1)(E). But where a defendant is on probation as a result of a dispositional departure, the district court can bypass the intermediate sanctions. K.S.A. 2018 Supp. 22-3716(c)(9)(B). Because Wilson's probation resulted from a dispositional departure, the district court was permitted by law to bypass intermediate sanctions.

We believe a reasonable person could agree with the district court's decision to revoke Wilson's probation. In a short span of time, Wilson sent numerous messages to Ortiz in violation of the no contact order. Further, some of these messages contained threats towards her and Birkholz, including a threat to burn their house down while they slept. Wilson's messages also contain frequent references to Ortiz being a "cheater" and her "adultery," showing that he was still incensed about Ortiz' relationship with Birkholz months after discovering it. He also called her his "enemy." Given that he was on probation for attacking Ortiz and Birkholz, these threats were especially concerning to the district court.

Wilson's arguments about mental health treatment and GPS monitoring are unpersuasive. Wilson presented no evidence that he was participating in mental health services. Even if he was, his behavior towards Birkholz and Ortiz suggested that he was not progressing at a rate adequate to protect their safety. As for his GPS monitoring argument, GPS devices may have a deterrent effect, but they do not prevent crime. Wilson has already demonstrated that consequences do not always deter him from bad acts. Kansas' criminal laws provide punishments intended to deter crime, but Wilson still committed the crimes forming the basis for his convictions. The threat of going to prison is intended to deter probationers from violating the terms of their probation, but Wilson still violated the terms of his probation by repeatedly contacting his victims. GPS monitoring cannot guarantee that Wilson will refrain from committing additional crimes against Ortiz or Birkholz.

The district court had a solid basis for revoking Wilson's probation and ordering service of his prison sentence. We find no abuse of discretion in its ruling and therefore affirm the district court's decision.

Affirmed.